AO 91 (Rev. 11/11) Criminal Complaint

**CS**

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 2:23-mj-587 |
| | ) | |
| John Sullivan | ) | |
| DOB: 09/XX/1964 | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 2023-June 2023 _____ in the county of _____ Franklin County _____ in the

_____ Southern _____ District of _____ Ohio _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252(a) | Possession and/or receipt of child pornography |

This criminal complaint is based on these facts:

See attached affidavit incorporated herein by reference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

FBI Special Agent Josh Saltar
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Oct. 24, 2023

_____
Kimberly A. Jolson
United States Magistrate Judge

City and state: _____ Columbus, Ohio _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In the matter of:                                             :

**United States of America**                          :        **Case No.:** 2:23-mj-587
                          **v.**                                     :
**John D. Sullivan**                                       :
**DOB 9/XX/1964**                                       :        **Magistrate Judge:**

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Josh Saltar (Your Affiant), a Special Agent (SA) with the Federal Bureau of Investigation (FBI), being first duly sworn, hereby depose and state as follows:

1.  I, Special Agent Josh Saltar (Your Affiant), make this affidavit in support of a criminal complaint to arrest for violations of 18 U.S.C. §§ 2252(a), including receipt of child pornography and possession of child pornography. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, Your Affiant did not include each and every fact known concerning this investigation. Your Affiant did not withhold any information or evidence that would negate probable cause. Your Affiant set forth only the facts that are believed to be necessary to establish probable cause that John D. Sullivan (SULLIVAN) committed the violations listed above.

2.  I am a Special Agent (SA) with the Federal Bureau of Investigations (FBI) and have been since October 2014. I am currently assigned to the Child Exploitation and Human Trafficking Task Force, Cincinnati Division, Columbus Resident Agency. I am primarily responsible for investigating internet crimes against children, including child pornography offenses and the online exploitation of children. During my career as a SA, I have participated in various investigations involving computer-related offenses and have executed numerous search warrants, including those involving searches and seizures of computers, digital media, software, and electronically stored information. I have worked with multiple international law enforcement agencies around the world, focusing on cyber-terrorism and terrorist financing through computer intrusions. I have also assisted on various cases and violations, ranging from violent crimes against children, to white collar crimes, to healthcare fraud, counterintelligence, and counterterrorism. As part of my duties as a Special Agent, I investigate criminal violations relating to child exploitation and child pornography violations, including the illegal production, distribution, transmission, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I have reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. Prior to joining the FBI, I spent four years working as a civilian Intelligence Specialist for the U.S. Air Force at the National Air and Space Intelligence Center located at the Wright-Patterson Air

1

Force Base, under both the cyber and counterspace squadrons, performing classified intel and reverse engineering duties. During my employment, I have received numerous forensic trainings with the both the Department of Defense and Department of Justice, as well as from private sector security conferences. I have received multiple certifications in Windows, mobile, and memory forensics, as well as incident response and penetration testing, and am certified by the Department of Justice as a Digital Extraction Technician. I received my B.A. from Anderson University in computer science, with a focus on programming, artificial intelligence, and machine learning. As an SA with the FBI, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

3. On or about April 11, 2012, John SULLIVAN pleaded guilty to one count of Possessing Visual Depictions of Child Pornography in Interstate Commerce in U.S. District Court in Columbus, OH. He was sentenced to 30 months' imprisonment. (S.D. Ohio Case No. 2:12-cr-45.) After being released, SULLIVAN was again charged with Possessing Visual Depictions of Child Pornography in Interstate Commerce in the Southern District of Ohio. He pled guilty to that offense on or about April 15, 2015, and was sentenced to 121 months' imprisonment. (S.D. Ohio Case No. 2:15-cr-98.)

4. On or about April 27, 2023, SULLIVAN was released from his second conviction and transferred from FCI Elkton to the Alvis House Residential Reentry Center, located at 1755 Alum Creek Drive Columbus, OH 43215. Upon his arrival at Alvis House, SULLIVAN signed orientation and intake paperwork agreeing to follow the rules and regulations of the Residential Reentry Center. In addition, he signed the Community Based Program Agreement which, in part, states that he understands that he is required to abide by condition of supervision as imposed by the sentencing court. Moreover, SULLIVAN was made aware of the Alvis House's cell phone rules—namely, that House members like SULLIVAN were allowed to have a cell phone, but that such phones were subject to be searched or confiscated at any time, with or without cause, and that House members were not permitted to have any obscene photos (like nudity of any kind) on their phones.

5. On or about June 17, 2023, an employee of Alvis House entered SULLIVAN's room and noticed that SULLIVAN appeared to be attempting to conceal his phone. Due to this suspicious behavior, the employee seized SULLIVAN's phone and conducted a search of it, which is permissible within the policies of Alvis House. The employee observed several social media apps, which included conversations with females and animated pictures of nude underage females, which is a violation of the Alvis House's rules and regulations. The phone was turned over to the Federal Program Manager of the center. The Program Manager continued to search SULLIVAN's phone and observed numerous photos of prepubescent females lasciviously displaying their genitals and engaged in sexual activity.

2

6. The Columbus Police Department was notified and an officer arrived at the scene and completed a miscellaneous report at that time to document the incident.

7. After being advised of the contraband observed on SULLIVAN's phone, the Bureau of Prisons was eventually in contact with the FBI's Child Exploitation and Human Trafficking Task Force (CEHT TF) to conduct an investigation.

8. On or about June 23, 2023, a member of the FBI CEHT TF travelled to Alvis House and took possession of the phone from the Program Manager. The phone was brought back and maintained in secure storage at the FBI Columbus Resident Agency 425 W. Nationwide Blvd, Columbus, OH 43215.

9. On or about June 27, 2023, a search warrant for the phone was obtained from United States Magistrate Judge Chelsey M. Vascura in the Southern District of Ohio. The phone was then provided to Your Affiant to perform a forensic extraction and review.

10. Upon review of the forensic extraction of the phone, Your Affiant identified approximately 100 images that depicted prepubescent females engaged in various stages of undress and nudity, oral sex, masturbation, or other sexual activity with adults. Additionally, several images were recovered depicting prepubescent females bound with rope and engaged in sexual activity with animals.

11. Additional review of the phone revealed the following:
    a. Within days of receiving the phone, SULLIVAN downloaded the private browser called "DuckDuckGo"; downloaded a Proton VPN application to the phone; and downloaded the Telegram application. Your Affiant is aware from training and experience that such applications and browsers are often used to hide the activities of individuals accessing child pornography.
    b. Within days of receiving the phone, SULLIVAN began searching for images associated with such terms as "loli," "child on child," "rape," and "little girl."
    c. A review of the phone also showed that the MEGA application was run on the below dates and durations. Your Affiant is aware from training and experience that the MEGA application is often used by individuals to download and view large amounts of child pornography.
        i. 5/11/23 - approximately 2.25 hours
        ii. 5/12/23 - approximately 2.5 hours
        iii. 5/17/23 - approximately 45 minutes
        iv. 5/18/23 - approximately 1 minute
        v. 5/27/23 - approximately 20 minutes
        vi. 6/02/23 - approximately 1.15 hours
        vii. 6/03/23 - approximately 25 minutes
        viii. 6/04/23 - approximately 3 minutes
    d. A review of the phone data related to the DuckDuckGo application showed the following, which, in Your Affiant's training and experience, are associated with accessing or attempting to access child pornography:
        i. A Google search associated with the term "Jenny 9yo 7 Suck Dog";

3

ii.   A Google search associated with the term "Rhythmic's Jenny 9yo 7 suck dog torrent";

iii.   A Google search associated with the term "7 yo jenny Torrents Download – Limetorrents.lol";

iv.   A Google search associated with the term "Torrents baby jenny mkv torrent – FileListing";

v.   A Google search associated with the term "Vladmodels Zhenya (y114) Sets 1-70 Custom Set Teddybear By Angelripper.rar | freshMeat";

vi.   A Google search associated with the term "pedo chat room"; and

vii.   Internet activity showing that the phone's user clicked a link called "My daughters" on a website associated with "Underage Erotica."

12. Additional review of the forensic extraction of the phone identified numerous applications designed to erase data from the phone. Notably, the application iShredder was run at least seven different times on the device between May 30, 2023, and June 10, 2023.  Open-source research of the iShredder application indicated it was created by ProtectStar, Inc., and claimed that it "deletes [data] so securely with international military security standards that defense departments and government agencies use the technology." It went on to say that "In just three steps, your files or storage space will be overwritten according to patented security standards, and data recovery will be impossible." Based on training and experience, Your Affiant is aware that it is not possible to recover any data that had been deleted by utilizing the iShredder application.

13. Based upon the foregoing, Your Affiant submits that there is probable cause to believe that John SULLIVAN has committed violations of 18 U.S.C. §§ 2252(a) – receipt of child pornography and possession of child pornography. Therefore, Your Affiant respectfully requests this court issue a criminal complaint and arrest warrant.

Respectfully submitted,

Josh Saltar
Special Agent
Federal Bureau of Investigation

Kimberly A. Jolson
United States Magistrate Judge

4